Stuart A. Krause
Ronald M. Neumann
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Defendant
*Bimbo Bakeries USA, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANDRA MYERS,<br><br>                      Plaintiff,<br><br>      - against -<br><br>BIMBO BAKERIES USA, INC.,<br><br>                      Defendant. | Case. No.: 08 CV 01179 (CBA) (SMG)<br><br>**REPLY DECLARATION OF<br>RONALD M. NEUMANN<br>IN FURTHER SUPPORT OF<br>SUMMARY JUDGMENT** |

RONALD M. NEUMANN, pursuant to 28 U.S.C. § 1746 and under the penalties of perjury, declares:

1. I am of counsel to Zeichner Ellman & Krause LLP, attorneys for defendant Bimbo Bakeries USA, Inc. ("BBU"). I make this declaration in further support of BBU's motion for summary judgment to dismiss plaintiff's baseless claim that she is owed child support payments from BBU as well as interest, penalties and attorneys' fees pursuant to CPLR § 5241.

2. In response to BBU's summary judgment papers, plaintiff stated that she "refuses to participate in the corruption and miscarriage of justice that is being

forced upon her at the hands of the improper United States Eastern District Court." (Doc. No. 116 at 4 of 7, filed on Oct. 15, 2010.) The undisputed and unrebutted record before this Court demonstrates that BBU is entitled to summary judgment dismissing the complaint.

    3. BBU served plaintiff with its summary judgment motion and supporting papers on September 17, 2010, in compliance with Judge Matsumoto's July 27, 2010 Scheduling Order (the "Scheduling Order"). (The Scheduling Order follows Document 111 on the Docket for this action.)

    4. On September 17, 2010, in compliance with Judge Matsumoto's Scheduling Order, BBU served plaintiff with the following documents:

    (a) Notice of Motion for summary judgment to dismiss the complaint;

    (b) Rule 56.1 Statement of material facts as to which there is no genuine issue for trial;

    (c) Supporting Declarations of Ronald M. Neumann and BBU's Rhonda LeCompte;

    (d) Supporting Exhibits;

    (e) Memorandum of Law in Support of BBU's Motion for Summary Judgment;

    (f) A Notice Pursuant to Local Rule 56.2; and

    (g) A copy of Judge Matsumoto's Individual Practices, from this Court's website.

    5. As set forth in its motion papers, BBU based its motion on three independent legal and factual grounds:

(a) Plaintiff's claim against BBU, pursuant to N.Y. CPLR § 214(2), is barred by New York's three-year statute of limitations to recover for alleged liability or penalties created or imposed by statute. Plaintiff's claim against BBU is based entirely upon a New York statute, namely CPLR § 5241. See BBU Memorandum of Law, Point I.

(b) Plaintiff's claim against BBU is barred by BBU's payment in full of all child support payments owed by plaintiff's former husband – and BBU's former independent distributor – during the time that he was an independent contract distributor for BBU. See BBU Memorandum of Law, Point II.

(c) Plaintiff's claim against BBU is barred by her failure to disclose such a claim in her prior bankruptcy filing. See BBU Memorandum of Law, Point III.

6. Pursuant to the Scheduling Order, plaintiff was required to serve her opposition by October 15, 2010.

7. On October 15, 2010, plaintiff filed her opposition (Doc. No. 116), in the form of a "complaint" with this Court's Pro Se office, and I received it on October 18 as an ECF email attachment from the Court and as an email attachment from plaintiff.

8. On October 20, 2010, apparently without prior Court permission, and therefore in violation of the Scheduling Order, plaintiff amended her opposition by

filing with this Court's Pro Se office a "Complaint Revision" which I received on October 20 as an ECF email attachment from the Court and as an email attachment from plaintiff.

9. Plaintiff further violated the Scheduling Order by filing her opposition. The Scheduling Order provides that defendant BBU shall file the "fully briefed motion via ECF" but "not before" October 29, 2010. (Emphasis in Scheduling Order.)[1]

10. The Scheduling Order further directs each party to provide two copies of their respective motion papers to chambers. Your declarant does not know whether plaintiff complied with this provision of the Scheduling Order.

11. Plaintiff's opposition to the summary judgment motion acknowledges her receipt, on September 29, 2010, of BBU's summary judgment papers. See "Complaint Revision," Document 117 at 8 of 10 (¶ 6).

12. Plaintiff's opposition to BBU's summary judgment motion makes no attempt to refute any of the 27 enumerated and fully supported statements contained in BBU's Rule 56.1 Statement, which therefore, pursuant to the Rule, are deemed to be admitted. See Local Rule 56.1(c).

---

[1] The form of plaintiff's opposition also violates the Scheduling Order. The Scheduling Order specifically advised the parties that memoranda in support or opposition to the summary judgment motion must use "double-spacing, and 12-point font." (Emphasis in original.)

4

13.     Plaintiff's opposition to BBU's summary judgment motion contains no declarations or affidavits attempting to refute any of the facts contained in BBU's summary judgment papers and supporting exhibits and declarations. BBU's factual statements are therefore unrefuted.

14.     Plaintiff's opposition to BBU's summary judgment motion contains no exhibits attempting to refute any of the facts contained in BBU's summary judgment papers and supporting exhibits and declarations. BBU's supporting exhibits are therefore unrefuted.

15.     Plaintiff's opposition to BBU's summary judgment motion makes no legal arguments nor makes any attempt to challenge, rebut or refute any of the legal arguments in BBU's memorandum of law that demonstrate the reasons why the complaint should be dismissed. BBU's legal arguments are therefore unrefuted.

16.     Plaintiff's opposition contains the same type of invective and outrageous, unsubstantiated and baseless *ad hominem* attacks directed against the judiciary that have been the hallmark of plaintiff's style of litigating throughout this action.[2]

---

[2] Plaintiff baseless attacks against the judiciary also appear in her prior submissions to the court. (See, e.g, Docket Numbers 37, 113, 115.) This Court rejected plaintiff's prior accusation of racial bias directed against Magistrate Judge Reyes and warned her against making unwarranted and baseless accusations of bias against the judiciary. See Memorandum and Order at 28-29 (May 11, 2009) (Matsumoto, J.) ("Although plaintiff is proceeding *pro se*, she is hereby advised that she is expected to conduct herself appropriately and refrain from accusations of bias based merely on the alleged ethnicity of the party and the judge, or she is likely to face sanctions.") (A copy of Judge Matsumoto's Memorandum and Order is annexed as Exhibit 16.) Plaintiff has also been directing baseless vicious personal attacks against counsel for BBU throughout the course of this litigation. (See, e.g., Docket Numbers 52, 66, 72, 92, 106 and 110.)

17. All of plaintiff's procedural complaints contained in her opposition have been previously addressed and resolved by Judges Carter and Matsumoto – who recused themselves immediately after receiving plaintiff's latest round of judicial vilification. The current Magistrate Judge and Article III Judge are the seventh and eighth judges to be assigned to this case (after Magistrate Judges Matsumoto, Reyes and Carter and Article III Judges Block, Vitaliano and Matsumoto).

18. In sum, plaintiff's opposition to BBU's summary judgment raises no factual or legal issues. Therefore, no reply memorandum of law is submitted herewith. Even given the latitude extended to *pro se* parties, after more than 2½ years, this case is ripe for a determination on the merits. For the reasons set forth in BBU's summary judgment motion papers, which are undisputed and unrefuted, BBU's motion for summary judgment dismissing the complaint should be granted.

## CONCLUSION

Plaintiff states in her opposition to the summary judgment motion that she "refuses to participate in the corruption and miscarriage of justice that is being forced upon her at the hands of the improper United States Eastern District Court." (Doc. 116 at 4 of 7.) Assuming *arguendo* that it is plaintiff's prerogative to refuse to participate in an action that she commenced, the unrebutted and unchallenged record in this case demonstrates that the complaint should be dismissed for the reasons set forth in BBU's summary judgment papers, namely: (i) plaintiff's action is time-barred; (ii) plaintiff has already been fully paid by BBU for her former husband's unpaid child support payments; and (iii) plaintiff's

failure to disclose to the court, the trustee and her creditors, her alleged claim against BBU in her previous bankruptcy filings precludes her from asserting the purported claim in a subsequent, post-bankruptcy civil action brought on her own behalf.

I declare that under the penalties of perjury that the foregoing is correct.

Dated:   October 29, 2010

_____
RONALD M. NEUMANN