UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHANDRA MYERS,

        Plaintiff,

-against-

BIMBO BAKERIES USA, INC.,

        Defendant.
-----------------------------------------------------------x

<u>NOT FOR PUBLICATION</u>
**MEMORANDUM & ORDER**
08-CV-1179 (CBA) (SMG)

AMON, United States District Judge:

Before the Court are the plaintiff's objections to the Report and Recommendation (R & R) of the Honorable Steven M. Gold, Chief U.S. Magistrate Judge, which is dated February 10, 2011.

The Court reviews those portions of the R & R to which the plaintiff has objected de novo and reviews those portions not objected to for clear error. <u>Larocco v. Jackson</u>, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As an initial matter, the plaintiff, in her objections, continues to state that the Court lacks jurisdiction of her case. The Court will treat these assertions as a request that it revisit Judge Matsumoto's May 11, 2009 order denying the plaintiff's motion to remand this matter to family court. That order is the law of the case, and this Court will not revisit it.

With respect to the merits, the Court adopts the reasoning of parts III and IV of the R & R, as well as its ultimate recommendation that the defendant's motion for summary judgment be

granted. Where the plaintiff has actually engaged the substance of the R & R,[1] her arguments are without merit.

The Court notes further that it is not actually necessary to reach the question (decided against the plaintiff in part III of the R & R) whether the plaintiff's apparent independent claim for the statutory penalty is timely. The plaintiff has offered no authority, and the Court has found none, for the proposition that the penalty is recoverable in a lawsuit against a party who did not timely make weekly payments but, before suit was filed, voluntarily satisfied in full its obligations under the income execution order.

The relevant provision, N.Y. C.P.L.R. § 5241(g)(2)(D), provides that if a creditor sues to collect "accrued deductions" due as a result of an income execution order and is successful, the court in which that suit is filed "shall issue an order directing compliance" with the execution order and "may direct the payment of a civil penalty" for "income payor noncompliance."

On its face, this statutory provision appears to address only suits in which a creditor must sue to collect then-outstanding deductions. It seems concerned with (1) compensating those who must undertake the burden of litigation to enforce an income execution order and (2) penalizing those who refuse to deduct except upon judicial compulsion.

Nothing about the provision suggests that it creates a separate enforceable obligation in instances in which debtors, after some delay, voluntarily and fully satisfy deduction obligations created by an income execution order. Absent some authority contradicting the plain import of the provision, the Court is not inclined to read it as the plaintiff apparently does.

---

[1] Much of the plaintiff's submission consists of highly personal attacks on the integrity of the magistrate judge, as well as the other judges who have been involved in this case. These accusations are unfounded and inappropriate.

In any event, if this analysis is wrong, the Court agrees with the R & R that summary judgment is appropriate because an independent claim for the statutory penalty would be time barred.

The defendant's motion for summary judgment is granted. The Clerk of Court is directed to enter judgment accordingly and to close this case. The plaintiff's motion to seal the entire case is denied because she has not adequately explained why such a broad order is warranted.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2011

/S/
Carol Bagley Amon
United States District Judge